United States District Court
Southern District of Texas
FILED

OCT 12 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas

**ENTERED**
October 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO GARZA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | MISC. ACTION NO. 7:12-MC-729 |
| BOBBY LUMPKIN,[1] | § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Ricardo Garza, a federal prisoner proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner failed to pay the $5 filing fee required to proceed with this action at the time he filed his petition. Instead, Petitioner filed an application to proceed without paying fees or costs; however, he failed to include a copy of the certified statement of his inmate trust fund account. After being advised of this deficiency, Petitioner failed to comply with a court order directing him to either paying the minimal filing fee or submitting a properly supported IFP application. Nor has he taken any other action in this case. The undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

Petitioner filed this § 2254 habeas corpus action in the Houston Division of the Southern District of Texas. (Docket No. 1, at 5.) Because Petitioner sought to challenge a state conviction

---

[1] Petitioner initially named Major Fernandez as the Respondent. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the proper respondent in a § 2254 action is the "state officer who has custody" of the petitioner. Because Petitioner Garza is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division, the proper respondent is now Bobby Lumpkin, who is the current Director of the Correctional Institutions Division. FED. R. CIV. P. 25(d).

in Starr County, Texas, his petition was transferred to the McAllen Division. (Docket No. 5.) Petitioner challenges his conviction for attempted sexual assault on the grounds of mistaken identity; specifically, he alleges that he is innocent of those charges and that his "identity was stolen in 2005." (Docket No. 1, at 2-3.)

In filing his application to proceed in forma pauperis, Petitioner failed to include a certified statement of his inmate trust fund account for the proceeding six-month period. *See* 28 U.S.C. § 1915(a)(2). The undersigned entered an order explaining to Petitioner that "[i]n order to qualify to proceed in forma pauperis, a prisoner must provide financial information to show that he is 'unable to pay' the fee." (Docket No. 6, at 1.) Petitioner was also advised that "he failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action" and that "such an account statement" was required "in order to qualify to proceed in forma pauperis." (*Id.* at 1-2.) Petitioner was directed to either pay the $5 filing fee or "file an addendum to his application to proceed in forma pauperis" within thirty (30) days. (*Id.* at 2.) Petitioner failed to respond to the order, and he has taken no further action in this case.

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance

with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 habeas corpus action in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. He also failed to comply with the court order that he either pay the $5 filing fee or submit a properly supported IFP application. This habeas corpus action should be dismissed for failure to prosecute because Petitioner both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to

3

comply with the court's order to pay a filing fee). It appears that no lesser sanction is available since Petitioner has taken no further action in this case.[2]

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) be DENIED and that this miscellaneous action be DISMISSED for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An

---

[2] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket No. 6), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's miscellaneous action should be dismissed based on failure to prosecute. Accordingly, Petitioner is not entitled to a COA.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 12, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE